UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
HOWARD SCHATZ and BEVERLY ORNSTEIN,

      Plaintiffs,

v.

BINARY BITS LLC., d.b.a FRIENDSEAT.COM,

      Defendant.
---------------------------------------------x

Case No. 1:23-cv-5361

**DEFENDANT'S SUPPLEMENTAL BRIEF TO THEIR MOTION TO DISMISS**

(Pursuant to Docket No. 27)

    Defendant Binary Bits LLC., ("Binary" or "Defendant"), comes now pursuant to this Court's Order dated May 17, 2024, and submits this Supplemental Brief accordingly.

    For the reasons set forth in this memorandum, Binary does not believe that the recent decision in *Warner Chappell Music v. Nealy* should have any effect on the disposition of their Motion to Dismiss.

### I. The Case of *Warner Chappell Music, Inc. v. Nealy*, No. 22-1078 (May 9, 2024)

    The Court in *Warner Chappell* most relevantly decided that "The Copyright Act entitles a copyright owner to obtain monetary relief for any timely infringement claim, no matter when the infringement occurred." Id at *2. Stating further that "[T]he Act's statute of limitations establishes a three-year period for filing suit, which begins to run when a claim accrues." Id.

    The Court does not analyze or review the discovery rule… "[T]he Court granted certiorari in this case ***on the assumption*** that such claims may be timely under the Act's limitations provision." Id.

    Plaintiff Nealy spent 22 years in prison between 1989 and 2015, and "[I]n 2018, following his second prison stint, Nealy sued Warner Chappell for copyright infringement." Id at *4.

    Notably, and as will be discussed further in this Brief, the Plaintiffs here have no such excuse as Nealy for not timely discovering the alleged infringement. The Plaintiffs here allege that the copyright

1

infringement occurred nearly eight years prior to the filing of their complaint, and that they only discovered the defendant's alleged unlawful use of the photographs in March of 2022. Furthermore, these plaintiffs are "seasoned" copyright litigators, having filed at least **nine** copyright actions in the Central District of California since 2020 alone. In the case of *Schatz v. Verizon Wireless*, Case No. 2:20-cv-09661(CACD 2020), this plaintiff sued Verizon, in part, for the alleged unlawful use of the <u>same photographs</u> at issue here and filed the case in October of 2020, nearly three years prior to filing this action.

## II. Argument

1. <u>The Plaintiffs' Claims Remain Untimely Under The Act.</u>

As it relates to the "timely" discovery of the alleged infringement in the instant case, Plaintiffs make a single allegation; that "[T]hrough their ongoing diligent efforts to identify unauthorized use of his photograph, Plaintiffs discovered Defendant's unauthorized use/display of the Work in March 2022." Complaint, ¶ 23.

The primary issue facing the Plaintiffs is not whether they can recover damages beyond three years according to the Act, the issue instead is whether they have standing under the three-year statute of limitations under the Act to even bring this lawsuit in the first place. Copyright lawsuits *still* must be filed within three-years of the accrual of the claim. *Warner Chappell Music, Inc. v. Nealy*, *2. These Plaintiffs did not do that, and they have no legitimate claim to the discovery rule.

The difference between the Plaintiff in *Warner Chappell*, and the Plaintiffs in the instant case is that Plaintiff Nealy had a legitimate reason for not discovering the infringement, he was serving **22 years in prison**. The Plaintiffs here, on the other hand, since the mid 1990's, have been "widely published in some of the world's most important newspapers and magazines" (Complaint, ¶ 7),  and also engage in "ongoing diligent efforts to identify unauthorized use of his photograph(s)." Id at ¶ 23.

Section III of the Defendant's Motion to Dismiss arguing that copyright actions must be filed within three years is in no way affected by the holdings in *Warner Chappell*. The Court in *Warner Chappell* assumed that Nealy timely discovered his claims, but the Plaintiffs here are not entitled to any such

assumption. In fact, the dissent in *Warner Chappell* squarely addresses this issue and points out that "[W]e have long warned lower courts, too, against taking any more "expansive approach to the discovery rule (*Warner Chappell v. Nealy*, *11)… "The trouble is, the Act almost certainly does not tolerate a discovery rule. And that fact promises soon enough to make anything we might say today about the rule's operational details a dead letter." Id.

Accordingly, the Defendants' synopsis in their Motion to Dismiss of Judge Kaplan's decision in *Auscape International v. National Geographic Society*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004), remains authoritative and instructive; and the Court's holdings in *Warner Chappell* do not provide this Court with any reason or holding that would justify reversing this decision. (See Motion to Dismiss, pp. 4-6). The Plaintiffs have not sufficiently plead any facts or circumstances that would entitle them to claim the discovery rule. Justice Gorsuch, through his dissent in *Warner Chappell*, would agree; as would Judge Kaplan's through his opinion in *Auscape International*.

Whereby, the Defendant asserts that as to the question of the timeliness of the Plaintiffs' lawsuit under the Act, *Warner Chappell* provides no assistance to them in claiming that they are entitled to the discovery rule, and actually provides the exact opposite, giving this Court even further reason to dismiss all claims against the Defendant as undoubtably time barred by any legal metric.

Dated: May 24, 2024

/s/ *Natalie Sulimani*
Natalie Sulimani, Esq
Federal Bar No. SN1054
natalie@sulimanilawfirm.com
Direct: 212.863.9614
75 Maiden Lane, suite 802
New York, NY 10038
*Attorney for Defendant Binary Bits LLC.*

**CERTIFICATION**

The undersigned hereby certifies that on May 24, 2024, the below counsel of record for Plaintiffs was served with a copy of the foregoing *Defendant's Supplemental Brief*, via PACER ECF.

Daniel DeSouza
COPYCAT LEGAL PLLC
3111 N. University Drive Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

*Attorney for Plaintiffs
Howard Schatz
and Beverly Ornstein*

/s/ *Natalie Sulimani*
Natalie Sulimani, Esq
Federal Bar No. SN1054
natalie@sulimanilawfirm.com
Direct: 212.863.9614
75 Maiden Lane, suite 802
New York, NY 10038
*Attorney for Defendant Binary Bits LLC*