UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HOWARD SCHATZ and BEVERLY ORNSTEIN,

                              Plaintiffs,

          -against-

BINARY BITS LLC, d/b/a FRIENDSEAT.COM,

                              Defendant.

------------------------------------------------------------------X

23-CV-05361 (PAE)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE PAUL A. ENGELMAYER:**

      Howard Schatz and Beverly Ornstein (together, the "Plaintiffs") accuse Binary Bits LLC (the "Defendant") of copyright infringement. The Defendant moves to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(6), arguing that the Plaintiffs' copyright claim is time-barred. I recommend that the Court DENY the Defendant's motion to dismiss.

**FACTUAL BACKGROUND**

      This copyright case is about a photograph taken by Schatz of athletes, entitled "Athlete_HitShootKick+R" (the "Photograph"), shown below.



Plaintiff Schatz is an award-wining professional photographer, who has published more than 20 books of his photographs. ECF No. 1, Complaint ("Compl."), ¶ 17. He took the Photograph in 2002, and the Plaintiffs registered the Photograph with the Register of Copyrights in 2004. Id. at ¶¶ 13-14, Ex. A. The Plaintiffs allege that the Defendant, a "food and dining social community helping foodies finding [sic] other foodies," infringed their copyright in 2015 by publishing the Photograph on its website. Id. at ¶¶ 16, 18, 21. According to the Plaintiffs, they discovered the alleged infringement in March 2022 "[t]hrough their ongoing diligent efforts to identify unauthorized use" of Schatz's works. Id. at ¶ 23.

## PROCEDURAL BACKGROUND

The Plaintiffs filed their complaint on June 23, 2023. ECF No. 1. Before securing counsel, the Defendant initially responded to the Plaintiffs' complaint by filing an answer. ECF No. 14. The Court then ordered the Defendant to secure counsel. ECF No. 16. After doing so, the Defendant moved to dismiss the Plaintiffs' complaint. ECF No. 21. After the parties completed motion to dismiss briefing, the Supreme Court issued Warner Chappell Music, Inc. v. Nealy, 144 S. Ct. 1135 (2024), a ruling relevant to some of the parties' arguments. The Court requested supplemental briefing. ECF No. 27. The parties completed that supplemental briefing on May 31, 2024. ECF No. 29.

## DISCUSSION

I.   **Legal Standard**

A complaint must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a legally sufficient claim, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating a complaint under this standard, a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable

2

inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 556.

Defendant moves to dismiss the complaint on statute of limitations grounds. "'Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015) (quoting Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008) (cleaned up)). "However, where there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." PK Music Performance, Inc. v. Timberlake, No. 16-cv-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (citing Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989)). A motion to dismiss "on statute of limitations grounds 'is an affirmative defense for which [the movant] bear[s] the burden of proof.'" Lefkowitz v. McGraw-Hill Global Education Holdings, LLC, 23 F. Supp. 3d 344, 358 (S.D.N.Y. 2014) (quoting United States v. Livecchi, 711 F.3d 345, 352 (2d Cir. 2013)).

**II.    Statute of Limitations**

The Defendant argues that the Plaintiffs' copyright claim is time-barred. Under the Copyright Act, copyright infringement actions must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The "injury rule" and the "discovery rule" present two separate methods for determining when a copyright claim accrues. Under the injury rule, a copyright claim accrues "at the time of the infringement." Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 242 (S.D.N.Y. 2004). Under the discovery rule, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124 (2d Cir.

2014); see also Warner Chappell Music, Inc. v. Nealy, 144 S. Ct. 1135, 1138 (2024) (describing the discovery rule as enabling "a diligent plaintiff to raise claims about even very old infringements if he discovered them within the prior three years").

The Defendant urges the Court to apply the injury rule[1]; the Plaintiffs urge the Court to apply the discovery rule. The Defendant relies on Auscape, which applied the injury rule to hold "that a claim for copyright infringement accrues on the date of the infringement." Auscape, 409 F. Supp. 2d at 247. Defendant argues that the Plaintiffs' claim is time-barred under the Copyright Act's three-year statutory period because their action commenced on June 23, 2023, seven years and eight months after the Photograph was displayed on the Defendant's website in October of 2015.

Since Auscape, however, the Second Circuit Court of Appeals has adopted the discovery rule, concluding "that copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." Psihoyos, 748 F.3d at 125. The Court therefore applies the discovery rule, finding that on the face of the Plaintiffs' complaint, their copyright claim is timely. Although the alleged infringement occurred in 2015, the Plaintiffs assert that they discovered it in March 2022 "[t]hrough their ongoing diligent efforts to identify unauthorized use/display" of the Photograph. Compl., ¶ 23. The Plaintiffs filed their complaint 15 months later, well within three years of discovering the alleged infringement.

---

[1] The Defendant's position is slightly unclear. In its motion to dismiss brief, it writes that the "Second Circuit follows the 'discovery rule.'" Def. Br. at 6. But the Defendant also relies heavily on Auscape, which applied the injury rule. Id. at 4-6. In its supplemental brief, the Defendant writes that the "Plaintiffs have not sufficiently plead [sic] any facts or circumstances that would entitle them to claim the discovery rule." ECF No. 28, Defendant's Supplement Letter ("Def. Supp."), at 3. The Court, therefore, interprets the Defendant as urging the Court to apply the injury rule but also arguing in the alternative that dismissal is appropriate under the discovery rule.

In the alternative, the Defendant challenges the reasonableness of the Plaintiffs' delay, arguing that it is implausible "that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here until nearly eight years after the infringement occurred." Def. Br. at 8. The Defendant asserts, without basis, that by pleading that they engaged in "ongoing diligent efforts to identify unauthorized use of his photograph," Compl., ¶ 23, the Plaintiffs concede that they use "sophisticated methods to detect infringing images." Def. Br. at 8. There is nothing in the complaint to support that inference, and the Court should decline to assume its truth. Moreover, even if the Plaintiffs did use "sophisticated methods," the Court cannot know, without further development of the factual record, whether those methods should have revealed the infringement sooner.

The Defendant also presents evidence external to the Plaintiffs' complaint to bolster its argument. At the motion to dismiss stage, the Court may consider "matters of which judicial notice may be taken." Chambers v. Time Warner, Inc., 282 F.3d 147, 1153 (2d Cir. 2002). "[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991). In particular, the Court may take judicial notice of both "information contained on websites where the authenticity of the site has not been questioned" and "prior lawsuits." Timberlake, 2018 WL 4759737, at *12.

The Defendant submits a screenshot from the website Justia, showing that the Plaintiffs filed at least 14 copyright actions since 2020, including a complaint filed on October 21, 2020, involving this Photograph. Def. Br., Ex. A, B. The Defendant argues that this history of copyright litigation establishes the Plaintiffs' sophistication as "seasoned" litigators who should

5

have discovered the alleged infringement sooner and thus failed to meet the bar of reasonable diligence for a timely discovery. Def. Br. at 7.

In support of its argument, the Defendant primarily relies on Minden Pictures, Inc. v. Buzzfeed, Inc., 390 F. Supp. 3d 461 (S.D.N.Y. 2019). In that case, the court found the plaintiff's copyright claim time-barred because "a reasonable copyright holder in [the plaintiff's] position — that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 — should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." Id. at 467. The plaintiff in that case did not discover the alleged infringement until 2017, despite engaging in substantial copyright litigation since 2010. Id. at 465. The Defendant argues that, because the Plaintiffs have filed 14 copyright infringement actions, they are "seasoned copyright litigators" who, like the plaintiff in Minden, failed to exercise due diligence in discovering copyright infringement under the discovery rule.

But Minden does not determine the outcome here. "[C]opyright owners do not have a general duty to police their copyrights." Timberlake, 2018 WL 4759737, at *23 (collecting cases). While Minden held that the facts presented in that case established that the plaintiff was not reasonably diligent, "courts in this district have not uniformly accepted the rationale applied by the Minden line, and the Second Circuit has not yet weighed in either way." Michael Grecco Prods. v. RADesign, Inc., 678 F. Supp. 3d 405, 409 (S.D.N.Y. 2023). See, e.g., McDermott v. This Dog's Life Corp., No. 23-cv-5869 (PAE), 2024 WL 1719893 (S.D.N.Y. Apr. 22, 2024) (adopting report and recommendation which declined to follow Minden); Parisienne v. Scripps Media, Inc., No. 19-cv-8612 (ER), 2021 WL 3668084, at *12 (S.D.N.Y. Aug. 17, 2021) (finding that the sophisticated plaintiff did "not have a general duty to police the internet for

infringements of his Photographs"); Hirsch v. Rehs Galleries, Inc., No. 18-cv-11864, 2020 WL 917213, at *10 (S.D.N.Y. Feb. 26, 2020) ("I have considered and rejected this argument before, as have other judges in this district."); August Image, LLC v. Girard Ent. & Media LLC, No. 21-cv-9397 (VEC), 2024 WL 1300254, at *19 (S.D.N.Y. Mar. 27, 2024) ("[E]ven if [a plaintiff] *is* a serial litigant, that alone is still not enough to put it on notice for purposes of the discovery rule.") (collecting cases) (emphasis in original).

More importantly, the Plaintiffs' case is materially different from the one in Minden. There, the plaintiff had significant copyright litigation experience of at least seven years before filing suit in March 19, 2018. The district court in Minden, accordingly, dismissed copyright claims regarding photographs used by the defendant before March 19, 2015, as time-barred because a "reasonable copyright holder in Plaintiff's position, exercising due diligence, 'should have discovered' that its copyright was being violated during the three-year statute of limitations." 390 F. Supp. 3d at 467 (quoting Psihoyos, 748 F.3d at 124). Here, the Plaintiffs allegedly pursued their first copyright action on June 25, 2020, and filed this copyright claim within the applicable three-year statute of limitations. Def. Br., Ex. A. No additional evidence is presented to show that the Plaintiffs had any copyright litigation experience before their first June 25, 2020 copyright action. Nor does the Defendant suggest when the Plaintiffs should have discovered the alleged infringement beyond indicating they filed a previous copyright claim involving the same Photograph on October, 21, 2020. Def. Br., Ex. B. But the discovery rule, when applied to this fact, places the Plaintiffs' delay for their filing for civil action even more squarely within the Copyright Act's three-year statute of limitations.

Finally, the Defendant argues that the Court should find the Plaintiffs' claim untimely because "the Plaintiffs have offered no explanation for their delay in filing suit." ECF No. 25,

7

Defendant's Reply ("Def. Rep."), at 10. But when raising a statute of limitations defense, the defendant bears the burden of proof. Fed. R. Civ. P. 8(c). Here, the Defendant attempts to shift their burden to the Plaintiffs. Even so, for the reasons explained above, the Defendant has failed to show any delay requiring the explanation the Defendant seeks.

"[W]here there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." Timberlake, 2018 WL 4759737, at *7 (citing Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989)). The Defendant has failed to overcome that high bar. Defendant's argument, therefore, is insufficient to warrant dismissal of the case at this stage of the proceedings. Accordingly, I recommend that the Court deny the Defendant's motion to dismiss.

### III. Attorneys' Fees, Costs, and Damages

The Defendant argues that the Plaintiffs are "not entitled to recover attorneys' fees and costs and/or actual or statutory damages" because the alleged copyright infringement occurred more than three years before the filing of this action. Def. Br. at 8-9. To support its actual damages argument, the Defendant cites Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020). In that case, the Court of Appeals held that "under the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit." Id. at 52. The Supreme Court, however, recently overruled Sohm, holding that "the Copyright Act contains no separate time-based limit on monetary recovery." Nealy, 144 S. Ct. at 1140.

Separately, the Copyright Acts makes statutory damages and attorneys' fees unavailable when "any infringement of copyright in an unpublished work commenced before the effective date of its registration" or "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within

8

three months after the first publication of the work." 17 U.S.C. § 412. The Plaintiffs copyrighted the Photograph in 2004, 11 years before the alleged infringement. Accordingly, statutory damages and attorneys' fees remain available to the Plaintiffs. I therefore recommend that the Court permit the Plaintiffs to seek attorneys' fees, costs, and damages with no time-based limitation.

## CONCLUSION

I recommend that the Court DENY the Defendant's motion to dismiss and DENY the Defendant's request to limit attorneys' fees, costs, and damages.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   July 29, 2024
         New York, New York

\*     \*     \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).